UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 07-56 (EGS) |
| v. | : | |
| LUIS AGUILAR-GOMEZ, | : | |
| Defendant. | : | |

**GOVERNMENT'S MOTION FOR GUIDELINES CREDIT AND
MEMORANDUM IN AID OF SENTENCING**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully moves the Court, pursuant to § 3E1.1 of the Sentencing Guidelines, to adjust the Defendant's offense level down two levels reflecting the Defendant's acceptance of responsibility for this offense. The United States also submits this memorandum in aid of sentencing.

**I.   BACKGROUND**

On March 14, 2007, the Defendant was charged in a one-count criminal Information with Unlawful Reentry of a Removed Alien, in violation of 8 United States Code, Section 1326 (a). On March 16, 2007, the Defendant pled guilty to the Information. At that time the Defendant signed a "Statement of offense" and admitted to following:

The Defendant was arrested in Calexico, California on August 17, 2000, and agents of U.S. Immigration and Customs Enforcement ("ICE") determined that he was a citizen and national of Mexico, who was present in the United States illegally. On August 17, 2000, an Immigration Officer signed an Oder of Removal, and the Defendant was removed from the U.S. and returned to Mexico the same day. At the time of his removal, the Defendant was informed that he could not return to

the U.S. without permission of the Attorney General.

Nevertheless, the Defendant subsequently returned to the District of Columbia, without permission to do so, and was arrested in Washington, D.C. on April 11, 2006. The Order of Removal issued on August 17, 2000 was reinstated, and the Defendant was removed from the U.S. and returned to Mexico on May 2, 2006. Prior to his removal, the Defendant was informed that he could not return to the U.S. without permission of the Attorney General.

Again, the Defendant subsequently returned to the District of Columbia, without permission to do so. On December 16, 2006, the Defendant was arrested in the 1700 block of Columbia Road, Northwest, Washington, D.C. The Defendant had not obtained the Attorney General's permission to return, and, accordingly, he was present in the U.S. after removal, in violation of federal law.

## II.    SENTENCING CALCULATION

### A.    Statutory Minimums and Maximums

The charge carries a maximum penalty of 2 years of imprisonment, a maximum fine of $250,000, or both, and a maximum period of supervised release of not more than one year.

### B.    Sentencing Guidelines Calculation

The Guidelines calculation utilized in the Presentence Investigation Report ("PSR") calculates the Defendant's total offense level at 6. See PSR ¶ 21. (This calculation contemplates a two-level decrease to the Defendant's base offense level pursuant to Section 3E1.1 of the Guidelines). The PSR calculates the Defendant's criminal history as Category I. See PSR ¶ 24. Therefore, the PSR calculates the Guideline range for the Defendant at 0 to 6 months. See PSR ¶ 48.

**III. GOVERNMENT'S RECOMMENDATIONS**

    A.    <u>Acceptance of Responsibility</u>

The government agrees that the Defendant's base offense level should be decreased by two points pursuant to Section 3E1.1 of the Sentencing Guidelines. He entered a guilty plea, thereby admitting the conduct comprising the offense, and he has cooperated in the pre-sentence investigation. Accordingly, the government is moving the Court to grant a two-level decrease in the offense level pursuant to § 3E1.1 of the Sentencing Guidelines.

    B.    <u>Sentencing Recommendation</u>

Pursuant to 18 United States Code, Section 3553(a), the Court should impose a sentence of six months. This sentence is reasonable because it would help further the goals articulated in 18 U.S.C. Section 3553(a). These factors include, among others, the nature of the offense, the defendant's history, the need for the sentence to promote adequate deterrence, any pertinent policy statements issued by the Sentencing Commission and the need to avoid unwarranted sentencing disparities among similarly situated defendants. See 18 U.S.C. § 3553(a).

Here, the Defendant has repeatedly made the conscious and intentional decision to illegally return to the United States. Given the Defendant's history of illegal reentry and his rationale for this offense, the Court cannot be confident that the Defendant will not choose to return to the United States illegally in the future. In this case, a Guidelines sentence is necessary to promote respect for the law, provide just punishment for the offense and adequately deter the Defendant's criminal conduct.

IV.     **CONCLUSION**

      Wherefore, the government respectfully requests that the Court sentence the Defendant to a period of six months of incarceration.

                            Respectfully submitted,

                            JEFFREY A. TAYLOR
                            United States Attorney
                            D.C. Bar 498-610

                            _____

                            Precious Murchison
                            Assistant United States Attorney
                            Federal Major Crimes Section
                            Maryland Bar
                            555 4th Street, N.W.
                            Washington, DC 20530
                            (202) 307-6080
                            Fax: 353-9414