## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|                             |     |                         |
|-----------------------------|-----|-------------------------|
| UNITED STATES OF AMERICA )  |     |                         |
|                          )  |     | Cr. No. 07-056 (EGS)    |
| v.                       )  |     |                         |
|                          )  |     |                         |
| LUIS AGUILAR GOMEZ       )  |     |                         |
| _____ ) |  |                      |

### DEFENDANT'S MEMORANDUM  IN AID OF SENTENCING

Defendant, Luis Aguilar Gomez, through undersigned counsel, hereby respectfully submits this memorandum in aid of sentencing pursuant to Federal Rule of Criminal Procedure 32. Based on all the sentencing factors in this case, including the United States Sentencing Guidelines, Mr. Aguilar Gomez respectfully asks the Court to sentence him to a period of incarceration of time served.

### BACKGROUND

On December 16, 2006, Mr. Aguilar Gomez was arrested in D.C.  He remained in the custody of the BOP until February 13, 2007, when he was taken into custody by ICE.  On March 16, 2007, Mr. Aguilar Gomez pled guilty, in accordance with a written plea agreement, to Unlawful Reentry of a Removed Alien, in violation of 8 U.S.C. § 1326(a).  He is scheduled to be sentenced on June 20, 2007.

### DISCUSSION

**I.        THE POST-BOOKER SENTENCING FRAMEWORK.**

Under Justice Breyer's majority opinion in Booker, the "district courts, while not bound to apply the Guidelines, must consult those Guidelines and take them into account when

1

sentencing.  See 18 U.S.C. § 3553(a)(4)."  United States v. Booker, 543 U.S. 220, 264 (2005)

(Breyer, J.).  While holding that district courts should still consider the Guideline calculations

and ranges for sentencing purposes, the remedial majority in Booker held that courts must

consider all the purposes of sentencing set forth in 18 U.S.C. § 3553(a).  Pursuant to Booker,

therefore, courts must treat the Guidelines as but one, among several, sentencing factors.

Pursuant to 18 U.S.C. §§ 3562 and 3553(a)–which were explicitly endorsed by the

Supreme Court in Booker–sentencing courts should consider the need for the sentence imposed:

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with the needed educational and vocational training, medical care, or other correctional treatment in the most effective manner.

Specifically, courts should "impose a sentence sufficient, but not greater than necessary,

to comply with the purposes" set forth above.

Section 3553(a) further directs sentencing courts to consider the nature and circumstances

of the offense, the history and characteristics of the defendant, the range of sentences available,

the need to avoid unwanted sentencing disparities among defendants with similar records who

have been found guilty of similar conduct, and the need to provide restitution to any victims of

the offenses charged.

Pursuant to 18 U.S.C. § 3661, also expressly endorsed by the Booker majority:

2

No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purposes of imposing an appropriate sentence.

Section 3582 of Title 18 states that:

[t]he court, in determining whether to impose a sentence of imprisonment, and, if a term of imprisonment is to be imposed, in determining the length of the term, shall consider the factors set forth in Section 3553(a) to the extent that they are applicable, recognizing that imprisonment is not an appropriate means of promoting correction and rehabilitation.

Taken together, the directives of Booker, as well as Sections 3553, 3661, and 3582 of Title 18, make it clear that sentencing courts may no longer consider the Guidelines alone in determining the appropriate sentence.  With respect to *departures* from the Guideline range, in particular, following Booker courts need not justify sentences outside the Guidelines by citing factors that take the case outside the "heartland."  Rather, as long as the sentence imposed is reasonable and supported by the factors outlined in Section 3553, courts may disagree with the range proposed by the Guidelines in individual cases and exercise their discretion.

**II.    UNDER ALL OF THE RELEVANT SENTENCING FACTORS, MR. AGUILAR GOMEZ SHOULD RECEIVE A SENTENCE OF INCARCERATION OF TIME SERVED.**

A.    Statutory Provisions

Pursuant to the applicable statute, the maximum term of imprisonment for the offense at issue is 2 years.

B.    Advisory Sentencing Guidelines

*(I).    Applicable Guideline Range*

The Probation Office, consulting the 2006 edition of the Guidelines Manual, has concluded that the total offense level in this case is 6 and that Mr. Aguilar Gomez's criminal

history category is I, resulting in an advisory Guideline range of 0-6 months.

       C.      <u>Section 3553 Factors</u>

As noted above, pursuant to 18 U.S.C. §§ 3562 and 3553(a) sentencing courts should consider the need for the sentence imposed 1) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; 2) to afford adequate deterrence to criminal conduct; 3) to protect the public from further crimes of the defendant; and 4) to provide the defendant with the needed educational and vocational training, medical care, or other correctional treatment in the most effective manner.

Section 3553(a) further directs sentencing courts to consider the nature and circumstances of the offense, the history and characteristics of the defendant, the range of sentences available, the need to avoid unwanted sentencing disparities among defendants with similar  records who have been found guilty of similar conduct, and the need to provide restitution to any victims of the offenses charged. Specifically, courts should "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" set forth above.

*I. Nature of the Offense*

Mr. Aguilar Gomez emphasizes the fact that the offense with which he is charged is a status crime.  He was not "doing" anything illegal; his crime was merely being present in this country.  Notably, he has never been involved with drugs, guns, or any other illegal activity to make ends meet, despite the enormous difficulties he has encountered as a foreigner in this country.  On a relative scale, the nature of the offense is mild.

*II. Characteristics of the Defendant*

As indicated in the PSR, Mr. Aguilar Gomez was born and raised in Mexico.  He comes

from a strong family background and was taught to make an honest living and take care of his family.  He has been married for 8 years to the same woman, Gloria Gabriela Cruz Arenas, and together they have a 7-year old son, Axel.  Axel has speech problems for which he requires medication and therapy, as well as a special school.  Mr. Aguilar Gomez, being the loving, caring father and husband that he is, does everything he can to support his family financially and emotionally, even if it means being away from them and sacrificing quality time in order to make ends meet.

Despite coming to the United States before to work, Mr. Aguilar Gomez has never engaged in proactive criminal activity to make money.  He has developed skills as a day laborer, able to do such jobs as painting, moving, and demolition work.  He applies his skills diligently so that he can make money to send to his family.  Mr. Aguilar Gomez is a hard working man who is not a criminal, and his sole desire is to put this behind him so that he can return to his family.

*III. Appropriate Sentence*

Sentencing Mr. Aguilar Gomez to a period of incarceration of time served would be completely consistent with all purposes of sentencing.  First of all, Mr. Aguilar Gomez's guidelines are 0-6 months.  He has been in custody since December 16, 2006.  Thus, on the date of sentencing, June 20, 2007, Mr. Aguilar Gomez will already have served six months, the high end of his guideline range.[1]  Secondly, because it is certain that Mr. Aguilar Gomez will be deported, it is entirely appropriate to give him a sentence of time served since his status as a

---

[1]     In its sentencing memorandum, the government requests that Mr. Aguilar Gomez receive a sentence of 6 months.  Gov't Memo at 4.  Undersigned counsel assumes this is a request for time served, since he has already served 6 months, thus the government and the defendant are asking for the same sentence in this case.

5

deportable alien is likely to cause an increase in his confinement time.  Finally, Mr. Aguilar

Gomez is a decent, good hearted individual who never intended to harm anyone, and he is deeply

sorry for what he has done.  The six months he has spent in prison have been more than adequate

to punish him, and he should not be punished any further.

## CONCLUSION

For the reasons set forth above, as well as for any others the Court may deem fair and

reasonable, Mr. Aguilar Gomez asks the Court to sentence him to a period of incarceration of

time served. Such a sentence would be sufficient, but not greater than necessary, to comply with

the purposes set forth in 18 U.S.C. § 3553.


Respectfully submitted,
A.J. Kramer
Federal Public Defender


_____/s/_____
Rita Bosworth
Assistant Federal Public Defender
625 Indiana Avenue, N.W.
Washington, D.C.  20004
(202) 208-7500 ext.126